# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**STACEY W. BRACKENS,**
**individually and on behalf of**
**deceased, EARL LEE BRACKENS,**

    **Plaintiff,**

v.                                                                                          Case No. 06-2241-JWL

**JONATHAN M. STEWART**
**and LILLIA MAE LEWIS**
**BRACKENS,**

    **Defendants.**

## MEMORANDUM AND ORDER

Currently before the court is plaintiff Stacey Brackens' motion for default judgment (doc. 16).[1] Mr. Brackens argues that he is entitled to default judgment against the defendant Lillia Mae Lewis Brackens because she did not file her answer within 20 days after being served with the complaint in accordance with Fed. Rule of Civ. P. 12(a).[2] Ms. Brackens was served with the complaint on July 7, 2006. On July 27, 2006, the deadline for the response, Ms. Brackens and

---

[1] All parties in this case are proceeding pro se.

[2] Fed. Rule of Civ. P. 12 provides: "(a) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer (A) within 20 days after being served with the summons and complaint . . . ."

the other defendant in this case, Mr. Stewart, filed a motion seeking an extension of the time to file their answer (doc. 7). On August 16, 2006, that motion was granted (doc. 9) and the defendants were given until August 25, 2006, to respond to Mr. Brackens' complaint. On August 25, 2006, the defendants jointly filed their answer, which was personally signed by both Ms. Brackens and Mr. Stewart. Therefore, Ms. Brackens has complied with Rule 12(a).[3]

Mr. Brackens argues in his motion that Ms. Brackens is prohibited from responding to the complaint jointly with Mr. Stewart, and that Ms. Brackens is required to file her own separate answer. The court is unaware of any case or statute requiring that, in a case involving multiple defendants, each individual defendant must file a separate pleading in response to the complaint. Defendants are certainly entitled to file separate pleadings in this case, but it is not required. Accordingly, Mr. Brackens' argument is without merit and his motion for default judgment is denied.[4]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for default judgment (doc. 16) is denied.

---

[3] Fed. Rule of Civ. P. 11 provides: "(a) **Signature**. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Because Ms. Brackens is proceeding pro se and she did in fact sign the answer in this case, the court finds she has also complied with Rule 11(a).

[4] Mr. Brackens also argues that Mr. Stewart cannot represent Ms. Brackens in this case. However, neither Ms. Brackens nor Mr. Stewart claim that Mr. Stewart is representing her. Accordingly, the court declines to address this argument, nor would it, however, permit Mr. Stewart to purport to speak on Ms. Brackens' behalf under the existing circumstances.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2006.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge