IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**STACEY W. BRACKENS,**
**individually and on behalf of**
**deceased, EARL LEE BRACKENS,**

      **Plaintiff,**

v.                                                          Case No. 06-2241-JWL

**JONATHAN M. STEWART**
**and LILLIA MAE LEWIS**
**BRACKENS,**

      **Defendants.**

## MEMORANDUM AND ORDER

Currently before the court in this matter is defendants' motion to dismiss (doc. 19) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.[1] Because the court concludes that it lacks personal jurisdiction over the defendants in this matter, defendants' motion is granted with respect to that issue. Accordingly, the court need not address the other arguments presented in defendants' motion.

**I.**     **Standard**

"The burden of establishing personal jurisdiction over the defendant is on the plaintiff."

---

[1] All parties in this case are proceeding pro se.

*Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004). When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id*. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable." *Id*. (quotation omitted).  The court "must resolve all factual disputes in favor of the plaintiff." *Bell Helicopter Textron*, 385 F.3d at 1295.

**II.    Analysis**

To obtain personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Pro Axess, Inc. v. Orlux Distrib'n, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). "Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, we proceed directly to the constitutional issue." *OMI Holdings*, 149 F.3d at 1090; *accord Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which [the defendant] has established no meaningful

2

'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). "[A]n analysis of whether a court's exercise of specific personal jurisdiction comports with the Due Process Clause is a two-step inquiry." *Pro Axess*, 428 F.3d at 1276. The court first considers whether the defendants have minimum contacts with the forum state in the sense that "the defendant[s]' conduct and connection with the forum State are such that [the defendants] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). If the defendants' actions create sufficient minimum contacts, the court then considers whether the exercise of personal jurisdiction over the defendants offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987).

1.  Minimum Contacts

The "minimum contacts" standard may be met in either of two ways. *Bell Helicopter Textron*, 385 F.3d at 1296. The court may exercise general jurisdiction if the defendants have "continuous and systematic general business contacts" with the forum state. *Id*. (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984)). Or, if the defendants have purposefully directed their activities at residents of the forum, the court may exercise specific jurisdiction in cases that arise out of or relate to those activities. *Id*. (quoting *Burger King*, 471 U.S. at 472-73).

In this case, the plaintiff, Stacey Brackens, has failed to make even a prima facie showing of facts that would support personal jurisdiction. The defendants, Jonathan Stewart and Lillia Mae Lewis Brackens, are both domiciled in Bienville Parish, Louisiana. The claims made by

3

Mr. Brackens, who is domiciled in Texas, relate to the execution of his father's will; his father was also domiciled in Bienville Parish, Louisiana. Mr. Brackens makes no allegation that either defendant has ever appeared in Kansas, much less that either has purposefully directed his or her activities at residents of Kansas. Moreover, there is no indication that any property of Mr. Brackens' father's estate is located in Kansas; thus, there is no basis for specific jurisdiction in this case.

Because the plaintiff has failed to allege the defendants have *any* contact with the forum state, there is no general jurisdiction because the defendants certainly do not have "continuous and systematic general business contacts" with Kansas. In response to the defendants' motion to dismiss, Mr. Brackens merely argues that this court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Even construing this pro se argument liberally, the court concludes Mr. Brackens has failed to establish that the defendants have sufficient minimum connections or contacts with Kansas such that they "should reasonably anticipate being haled into court [here]." Because Mr. Brackens has failed to meet the first personal jurisdiction prong regarding minimum contacts, the court need not reach the second prong regarding traditional notions of fair play and substantial justice. Defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendants' motion to dismiss (doc. 19) is granted.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2007.

                                                  s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge